UNITED STATES DISTRICT COURT
NORTHERN DISTRICT INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAULEEN MATHIAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 1:20-cv-108 |
| v. ) | |
| ) | |
| DOLGENCORP, LLC ) | |
| d/b/a DOLLAR GENERAL ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case**

Plaintiff, Pauleen Mathias ("Mathias"), brings this action against her former employer, Dolgencorp, LLC d/b/a Dollar General Corporation ("Defendant"), alleging violations of her rights under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*

**II.  Parties**

1. Mathias has resided within the Northern District of the State of Indiana at all relevant times.

2. Defendant operates its business within the Northern District of Indiana, Fort Wayne Division.

**III.  Jurisdiction and Venue**

3. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

1

4. Mathias was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

5. At all relevant times, Mathias has been a qualified individual with a disability, has had a record of disability, and/or has been regarded as disabled by Defendant.

6. At all relevant times, Mathias was an "eligible employee" with a "serious health condition" as defined by the FMLA.

7. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117.

8. Mathias satisfied her obligations to exhaust her administrative remedies and now timely files her lawsuit.

9. Venue is proper in this Court.

### IV.  Factual Allegations

10. Mathias began working for Defendant at its warehouse in Marion, Indiana on November 30, 2017.

11. During the hiring process, Defendant subjected Mathias to a disability-related inquiry and medical examination.

12. Mathias disclosed to Defendant that a head-on car collision 23 years ago had rendered her disabled; her traumatic arthritis substantially limits her major life activities and her major bodily functions, in particular with regard to her right ankle, which was shattered in the accident.

13. Mathias applied for a "General Warehouse" worker position with the understanding that the position required four, 10-hour days, with "some overtime." Defendant

immediately assigned to Mathias to "Repack." This position required mandatory overtime, 12 hour days, up to six days a week.

14. Working "Repack" required Mathias to briskly walk around Defendant's sprawling facility floor to "pick" product throughout her 12-hour shift.

15. Mathias earned the "Top Dawg" award seven times during her first 10 months on the job for "picking" items the fastest.

16. After constant walking during her 12-hour shift, day after day, Mathias's ankle began to swell and hurt. Mathias repeatedly had to cancel and reschedule doctor appointments due to mandatory overtime. After Defendant ignored her requests for assistance in the matter, she eventually decided that it was worth taking attendance points to see the doctor.

17. Mathias asked for a reasonable accommodation in July 2018 to be transferred to open positions, including in "Sanitation," which has a 40-hour workweek; and in "Off-lines," which is less physically demanding. She told her supervisor about her ankle and the pain she was experiencing, who responded that Mathias would not be transferred because of her status as a "Top Dawg" picker.

18. Mathias finally saw her doctor on August 24, 2018. She was referred to an Orthopedic Specialist, who prescribed a walking boot.

19. On September 9, 2018, Mathias requested a reasonable accommodation to wear a walking boot. Human Resources Manager Linda Dougherty said that a walking boot constitutes a "crutch," which was not allowed.

20. Mathias contacted Defendant's Corporate Human Resources Department and requested a reasonable accommodation to wear a walking boot. Mathias was told to have her

3

doctor send a fax, which she did. After hearing nothing, Mathias called Corporate HR again and was told to repeat her efforts, which she did.

21. Shortly thereafter, Defendant transferred Mathias from a position she had been in for several months, Pick Mod 11, to an even more physically demanding position, Pick Mod 12.

22. Defendant began repeatedly disciplining Mathias for allegedly deficient "production percentage," prohibiting her from transferring departments under Defendant's policy.

23. Mathias requested intermittent FMLA leave on December 3, 2018 to allow her to work a 40-hour workweek.

24. On December 11, 2018, Defendant suspended Mathias and told her she could not return until she obtained a release to work with no restrictions. Mathias complained to Dougherty that Defendant was discriminating against her and that she planned to go to the EEOC.

25. From December 11, 2018 through December 13, 2018, Mathias engaged in protected conduct multiple times. She contacted Defendant's HR Department, Defendant's Corporate HR Department, and Defendant's third-party FMLA administrator. When she went to the facility on December 12, 2018 to hand-deliver a letter to Defendant complaining of its unlawful conduct, security stopped her at the door, purportedly under Dougherty's order, and would not allow her to enter. Later that afternoon, Dougherty called Mathias and discouraged her from further engagement in protected activity.

26. Dougherty called Mathias on December 14, 2018 to inform her that Defendant had approved her for FMLA, limiting her to a 40-hour workweek.

4

27. When she returned to work on December 16, 2018, Mathias immediately received three (3) write ups for alleged policy violations in November, and was subjected to harassment and a hostile environment. Her coworkers harassed her, called her names, and complained to HR about her accommodation and FMLA leave.

28. Mathias again engaged in protected activity in a letter to Dougherty, dated December 20, 2018, complaining of discrimination, retaliation, and violations of her FMLA rights.

29. In January 2019, Mathias engaged in protected conduct multiple times when she complained that Dougherty was misreporting the amount of FMLA she was using.

30. On January 31, 2019, Mathias again engaged in protected conduct when she told Dougherty that her coworkers were subjecting her to harassment and a hostile working environment based on her accommodation and FMLA.

31. On March 15, 2019, Mathias attempted to apply for a Sanitation job, but Defendant's computer system would not allow her to do so. Mathias sought guidance from Defendant, but was ignored. Around that same time, Mathias requested to extend her intermittent FMLA. Fearing for her job, her request was to only limit her to 50 hours per week.

32. On March 26, 2019, Defendant informed Mathias that her FMLA request had been denied because Defendant claimed that it did not require employees to work 50 hours a week. Mathias's manager also pressured her to have surgery on her ankle. Mathias immediately re-applied for FMLA.

33. On April 6, 2019, Mathias overheard Dougherty and her supervisor expressing frustration with Mathias's most recent FMLA request; and heard Dougherty say not to worry, that Defendant would terminate Mathias before her FMLA request was approved.

34. Defendant terminated Mathias on April 17, 2019 for an alleged safety violation, subjecting her to disparate treatment compared to similarly-situated employees.

35. Mathias has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### VIOLATIONS OF THE FMLA

36. Mathias hereby incorporates paragraphs 1 – 35 of her Complaint.

37. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

38  Defendant's actions, as alleged above, constitute interference with Mathias's FMLA rights and/or constitute retaliation for requesting and/or taking FMLA-qualifying leave, including when it terminated her employment.

39. Mathias has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

40. Defendant's unlawful actions against Mathias were intentional, willful, and done in reckless disregard of Mathias' rights as protected by the FMLA.

## COUNT II

## DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE – ADA

41. Mathias hereby incorporates paragraphs 1 - 40 of her Complaint.

42. The acts alleged above constitute unlawful employment practices in violation of the ADA.

43. Defendant has failed and refused to apply the same standard to Mathias as it has applied to similarly situated employees who are not disabled, do not have a record of disability, and/or who it does not regard as disabled.

44. Defendant took unlawful, adverse employment actions against Mathias based on her disability, her record of disability, and/or because it regarded her as disabled, including when it failed to engage in the interactive process or provide Mathias with a reasonable accommodation and when it terminated her employment.

45. Defendant's actions, as alleged above, deprived Mathias of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

46. Mathias has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

47. Defendant's unlawful actions against Mathias were intentional, willful, and done in reckless disregard of Mathias's rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

48. Mathias hereby incorporates paragraphs 1 – 47 of her Complaint.

49. The acts alleged above constitute unlawful employment practices in violation of the ADA.

50. Mathias engaged in protected activity under the ADA.

51. Defendant took unlawful adverse employment actions against Mathias in retaliation for her engagement in protected activity, including when it terminated her employment.

52. Defendant has failed and refused to apply the same standard to Mathias as it has applied to similarly situated employees who have not engaged in protected activity.

53. Defendant's actions, as alleged above, deprived Mathias of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

54. Mathias has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

55. Defendant's unlawful actions against Mathias were intentional, willful, and done in reckless disregard of Mathias's rights as protected by the ADA.

## COUNT IV

## HARASSMENT/HOSTILE WORK ENVIRONMENT - ADA

56. Mathias hereby incorporates paragraphs 1 - 55 of her Complaint.

57. The acts alleged above constitute unlawful employment practices in violation of the ADA.

58. Defendant subjected Mathias to severe and/or pervasive harassment and a hostile working environment based on her disability.

59. Defendant's actions, as alleged above, deprived Mathias of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

60. Defendant failed and refused to apply the same standards to Mathias as were applied to similarly situated employees.

61. Mathias has suffered damages as a result of Defendant's unlawful conduct, including mental anguish and emotional distress.

62. Defendant's unlawful actions against Mathias were intentional, willful, and done in reckless disregard of McCormick's rights as protected by the ADA.

## VI.  Relief Requested

WHEREFORE, Plaintiff, Pauleen Mathias, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Mathias with similar, salary, and seniority, or pay front pay and benefits to Mathias in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Mathias;

3. Defendant pay liquidated damages to Mathias;

4. Defendant pay compensatory and punitive damages to Mathias;

5. Defendant pay pre- and post-judgment interest to Mathias;

6. Defendant pay Mathias's attorneys' fees and costs incurred in litigating this action;

7. Defendant pay to Mathias any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Ste. 200
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com

Counsel for Plaintiff, Pauleen Mathias


## DEMAND FOR JURY TRIAL

The Plaintiff, Pauleen Mathias, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Ste. 200
Indianapolis, IN 46220
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com